## AGNES G. FISHEL v. DONALD E. CARPENTER.

(Filed 1 November, 1961.)

**Automobiles §§ 41i, 44—**

Evidence tending to show that defendant attempted to enter heavy traffic on a street from a filling station and collided with plaintiff's vehicle, which was traveling in its proper lane, *is held* insufficient to warrant the submission of an issue of plaintiff's negligence, either on the question of contributory negligence or on the question of negligence upon defendant's counterclaim.

APPEAL by defendant from *Crissman, J.,* March 20, 1961, Term, FORSYTH Superior Court.

This civil action grew out of a collision between the plaintiff's 1954 Chevrolet and the defendant's 1958 Ford, just north of the intersection between South Main Street and Clemmonsville Road in Winston-Salem. South Main is a three-lane street, two for south-bound and one for north-bound traffic. The accident occurred about 4:30 p.m. on June 5, 1961. The traffic was heavy. The plaintiff, driving south in the middle lane of Main Street, intended to make a left turn and enter Clemmonsville Road. The defendant attempted to enter the stream of traffic from a filling station located on the west side of South Main Street. The evidence indicates the collision occurred in the plaintiff's lane of traffic.

The defendant tendered an issue of plaintiff's negligence, both as a bar to her right of recovery and as a basis for his counterclaim. However, all the evidence indicated the defendant attempted to break into

the heavy stream of traffic within the block and that the plaintiff was in her proper traffic lane. The jury answered the issues of negligence and damages in favor of the plaintiff. From a judgment on the verdict, the defendant appealed.

*Hoyle C. Ripple; Deal, Hutchins and Minor, By: Roy L. Deal, for plaintiff, appellee.*

*Hudson, Ferrell, Petree, Stockton & Stockton, By: R. M. Stockton, Jr., Norwood Robinson, for defendant, appellant.*

PER CURIAM. The defendant assigns as error the refusal of the court to submit an issue of plaintiff's negligence both as a bar to plaintiff's recovery and as a basis for defendant's counterclaim. The evidence, however, was insufficient to permit a reasonable inference of plaintiff's negligence. The assignment of error is not sustained. Reason does not appear why the judgment should be disturbed.

No error.